IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WENDELL ERNEST JONES, #319885     *
    Petitioner,
v.                                *     CIVIL ACTION NO. DKC-13-409

BOBBY SHEARIN, *et al*.           *
    Respondents.
                                 ***

## **MEMORANDUM OPINION**

On February 6, 2013, the court received for filing this undated 28 U.S.C. § 2254 Petition for writ of habeas corpus, which was franked by courthouse security on February 4, 2013. (ECF No. 1). This is the first § 2254 petition filed by Petitioner, who was sentenced to life plus twenty years incarceration in March 2004, and whose conviction was affirmed by the Court of Special Appeals of Maryland on March 7, 2005. (*Id*., at 1 & 3). Respondents were ordered to file a limited answer as to the timeliness of the Petition,[1] with Petitioner granted an opportunity to reply. (ECF No. 3 at 2).

---

[1] Title 28 U.S.C. § 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The statute further provides: the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

On March 29, 2013, Respondents filed an answer to Petitioner's application for habeas relief solely addressing the timeliness of Petitioner's application. (ECF No. 4). Petitioner filed a Reply, received on May 28, 2013. (ECF No. 7).

On January 20, 2004, Petitioner was convicted by a Prince George's County Circuit Court jury of first-degree murder, use of a handgun in the commission of a crime of violence, and handgun possession. (ECF No. 4, Ex. 1 at pgs. 8-9). On March 26, 2004, he was sentenced to serve life in prison without the possibility of parole, plus a consecutive twenty-year term. (*Id*.). The Court of Special Appeals of Maryland affirmed Petitioner's conviction on March 7, 2005, and the mandate was issued on April 6, 2005. (*Id*., Ex. 1 at p. 12). He did not seek further appellate review. Thus, his judgment of conviction became final on April 21, 2005, when the time for seeking certiorari expired.[2]

On March 26, 2008, Petitioner filed a motion to correct an illegal sentence which was denied by the Circuit Court for Prince George's County on April 30, 2008. (*Id*., Ex. 1 at p. 14). Petitioner's appeal was denied and the judgment affirmed on September 9, 2009, but the Court of Special Appeals remanded the case back to the Circuit Court for clarification of Petitioner's handgun conviction. (*Id*., Ex. 2; Ex. 1 at p. 14). On March 1, 2010, the Circuit Court complied with the appellate court mandate. (*Id*., Ex. 1 at p. 14). Petitioner filed no further state post-conviction motions or petitions.

---

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] *See* Md. Rule 8-302 (petition for writ of certiorari must be filed no later than 15 days after issuance of mandate by Court of Special Appeals).

Petitioner had a one-year period, from April 21, 2005 to April 21, 2006, to file a § 2254 Petition for habeas corpus relief. This Petition was not filed until February 4, 2013. During the aforementioned one-year period, there were no matters pending in state court related to Petitioner's criminal case which would have provided for statutory tolling under 28 U.S.C. § 2244(d)(2) Thus, the statute of limitations period ran unchecked and untolled.

Petitioner claims that the "Petition is being filed late because the Attorney who represented me on Direct Appeal did not inform me that my conviction was affirmed by the Court of Special Appeals." (ECF No. 1 at 5, § 14). In his Reply, Petitioner argues that his appellate counsel was not admitted to the Maryland Bar and was not aware of the Maryland Rules of Criminal Procedure, the rules applicable to an attorney-client relationship, nor the procedures for the Maryland appeal process. (ECF No. 7 at 2). Petitioner contends that appellate counsel lied to him and led Petitioner to believe that Petitioner would participate in the appeal process. He additionally claims that he repeatedly wrote to the Clerk of the Court of Special Appeals of Maryland throughout 2006 and to the Chief Judges of the appellate courts in 2007, seeking information with regard to his appeal. Petitioner asserts that in 2007 he filed a complaint against his appellate attorney with Maryland Bar Counsel. He complains that appellate counsel failed to provide him competent assistance as he did not have an understanding of the Maryland Rules, did not allow him to participate in his own appeal, and did not provide him with important legal documents.[3] (*Id*. at 2-6). Finally, Petitioner argues that he diligently pursued his rights, but due to the illness and death of his mother and his resulting depression, he did not file this Petition until 2013. (*Id*. at 7).

---

[3] Petitioner seemingly contends that the legal documents were given to his family members who neglected to tell him that the documents were in their possession. (ECF No. 7 at 4).

Equitable tolling applies only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In *Holland v. Florida,* 130 S.Ct. 2549 (2010), the Supreme Court affirmed that equitable tolling applies to the one-year statute of limitations set out in § 2244(d). *Id*. at 2554. Specifically, the Court found that in order to be entitled to equitable tolling the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 2562; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Alleged attorney neglect or error is not an "extraordinary circumstance" needed to establish equitable tolling. *See Johnson v. Hendricks,* 314 F.3d 159, 163 (3d Cir. 2002); *see also Hutchinson v. Florida,* 677 F.3d 1097, 1100 (11th Cir. 2012) ( "If attorney miscalculation, error, or negligence were enough for equitable tolling, the § 2244(d) statute of limitations would be tolled to the brink of extinction ...."). "[T]o rise to the level necessary to constitute an 'extraordinary circumstance,' ... attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." *Rivas v. Fischer,* 687 F.3d 514, 538 (2d Cir. 2012); *see also Maples v. Thomas,* 132 S. Ct. 912, 923–27 & n. 7 (2012) (holding that attorneys' abandonment of petitioner constituted cause to overcome procedural default and remarking that distinction between attorney negligence and attorney abandonment should apply equally in equitable tolling context).

Petitioner has not alleged facts amounting to abandonment by his appellate counsel under the aforementioned case law. Petitioner was sentenced in 2004 and his direct appeal was completed in 2005. At the least, he knew that counsel did not pursue further appellate remedies in 2007, when he allegedly complained about his attorney's inaction to Bar Counsel. He did not advance his claims within a reasonable time of their availability and delayed filing this case for six years. His habeas

corpus Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed with prejudice.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability ("COA") should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Petitioner does not satisfy this standard, and the court declines to issue a COA. A separate Order shall be entered in accordance herewith.


Date:  May 30, 2013                          /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge